UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TIMOTHY WALSH,<br><br>    Plaintiff,<br><br>  vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>    Defendants. | Case No:  C 09-0446 SBA<br><br>**ORDER ON DEFENDANTS'<br>MOTIONS TO DISMISS**<br><br>[Docket 6, 8, 10] |

    The parties are presently before the Court on Defendants' three separate motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs have filed a "Response" to the motions which does not address Defendants' arguments, but instead, seeks leave to amend to correct the deficiencies in their First Amended Complaint, as well as to add new claims for relief.  As will be set forth below, the Court finds that the interests of justice and judicial economy require the parties to further meet and confer regarding the issues presented in these motions.  As such, the Court continues the hearing on the motions to dismiss presently scheduled for May 5, 2009, in order to allow the parties an opportunity to do so.

**I.    BACKGROUND**

    On September 24, 2004, Plaintiffs Timothy Walsh and Jasbir Walsh purchased a home in San Ramon, California from Shapell Homes for $1,462,500.  (First Am. Compl. ¶¶ 12, 15.) Plaintiffs refinanced their mortgage through Countrywide Bank on March 9, 2007, with a loan in the amount of $1,566,000.  (Id. ¶ 18.)  Among other things, Plaintiffs allege that they were defrauded in connection with those loans based on Defendants' failure to disclose (a) the actual interest rate on the loans, (b) that the loans were subject to negative amortization, (c) that the initial interest rate charged was discounted and did not accurately reflect the interest being charged and (d) that Plaintiffs, in fact, were not qualified for the loans.  (Id. ¶ 20.)

On November 13, 2008, Plaintiffs filed a pro se action in Contra Costa County Superior Court against Defendants Countywide Home Loans, Inc. and Countrywide Bank FSB (collectively "Countrywide"), joined by Defendants Shapell Industries, Brett Hillard and John Luedemann (collectively "Shapell") and Defendants NL, Inc., Residential Pacific Mortgage and Joe Polizzi (collectively "NL"). It does not appear that Plaintiffs served their Complaint on Defendants.

On December 29, 2008, Plaintiffs filed and subsequently served their First Amended Complaint, which alleges 11 causes of action for: (1) quiet title; (2) violations of the Truth in Lending Act ("TILA") (3) unlawful business practices under California Business and Professions Code section 17200; (4) unfair and fraudulent business practices in violation of section 17200; (5) fraudulent omissions; (6) unlawful business practices under section 17200 based on California Finance Code section 22302; (7) rescission based on fraud; (8) breach of fiduciary duty; (9) breach of the implied covenant of good faith and fair dealing; (10) violation of the Racketeer Influenced Corrupt Practices Act ("RICO"); and (11) declaratory and injunctive relief. Defendants subsequently removed the action to this Court on the grounds that Plaintiffs' claims arise under federal statutes and regulations; to wit, TILA, RICO, the Fair Credit and Reporting Act ("FCRA") and the Real Estate Settlement Procedures Act ("RESPA"). (Not. of Removal ¶ 5.)

On February 6, 2009, Countrywide, Shapell and NL filed motions to dismiss for failure to state a claim. In early February, prior to filing their motions, Defendants sought to meet and confer with Plaintiffs' counsel, Lyndsey Heller, who had assumed representation of Plaintiffs. (E.g., Shapell Reply Ex. E.; Foley Reply Decl. Ex. A; Harris Reply Decl. Ex. H.) For example, on February 4, 2009, counsel for Shapell sent Plaintiffs' counsel an email in which he sought to meet and confer by telephone. (Shapell Reply Ex. E.) In an email response sent the following day, Plaintiffs' counsel stated: "I am unable to meet and confer with you today, due to your late attempt at getting a meet and confer prior to your deadline. I will be able to do this sometime *in March*."

**1** (Id.) Plaintiffs' counsel responded similarly to counsel for NL.  (Harris Reply Decl. Ex. H

**2** (emphasis added).)[1]

**3** Plaintiffs' counsel finally met and conferred with defense counsel on March 17, 2009, the

**4** date her opposition to Defendants' motions to dismiss was due.  Later that day, Ms. Heller filed

**5** Plaintiffs' Response to Defendants' motions.  The Response does not respond directly to any of the

**6** arguments advanced by Defendants, but instead, states merely that the parties had met and

**7** conferred and that Plaintiffs have concluded that many of the issues raised in the motions are "well

**8** founded."  (Pl.'s Resp. at 2.)  As such, Plaintiffs request leave to file a Second Amended Complaint

**9** to dismiss certain claims, amend various allegations and to add new claims.  Though Plaintiffs did

**10** not include a copy of their proposed pleading, they purport to provide a summary of how they

**11** intend to amend their claims as to each of the three sets of Defendants.

**12** In their respective replies, each of the Defendants contends that their motions to dismiss

**13** should be granted on the ground that Plaintiffs neglected to file any opposition or otherwise

**14** address the merits of their arguments.  In addition, each complains that Plaintiffs' counsel failed to

**15** cooperate in good faith with regard to their efforts to meet and confer regarding the motions to

**16** dismiss and the proposed amended complaint.  To the extent that Plaintiff is allowed leave to

**17** amend, Defendants request the court to compel Plaintiff to reimburse them for expenses incurred in

**18** unnecessarily having to file their motions.

**19** **II.    DISCUSSION**

**20** Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

**21** it fails to state a claim upon which relief can be granted.   To survive a motion to dismiss for failure

**22** to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on

**23** its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Specific facts are not

**24** necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the

**25** grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)

**26**

**27** [1] On March 3, 2009, attorney Lyndsey M. Heller filed a substitution of counsel on behalf of Plaintiffs, who had been proceeding in pro per. However, prior to filing the substitution of counsel, Plaintiffs indicated and Ms. Heller confirmed that she had assumed representation of
**28** Plaintiffs.

1  (internal quotation marks omitted); Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116,
2  1122 (9th Cir. 2008). "In general, the inquiry is limited to the allegations in the complaint, which
3  are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd.
4  v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

5      If the motion to dismiss is granted, leave to amend generally is required, unless such
6  amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d
7  242, 246-47 (9th Cir. 1990); United States v. City of Redwood, 640 F.2d 963, 966 (9th Cir. 1981)
8  (denial of leave to amend is appropriate only in "extraordinary" cases). Even when a request to
9  amend is not made, "[l]eave to amend should be granted unless the pleading could not possibly be
10 cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs."
11 Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005).[2]

12     As noted, Plaintiffs have not filed a substantive opposition to Defendants' respective
13 motions to dismiss. Instead, their Response states, in an entirely conclusory manner, that they
14 agree that "many of Defendants (sic) issues were well founded." (Pl.'s Response at 2.) The
15 Court's Standing Order makes it clear that "[t]he failure of the opposing party to file a
16 memorandum of points and authorities in opposition to any motion shall constitute a consent to the
17 granting of the motion." The Ninth Circuit has held that the failure to file an opposition to a
18 motion to dismiss is grounds for granting the motion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.
19 1995). Given Plaintiffs' concession in their ostensible statement of non-opposition that many of
20 the Defendants' points are "well founded," the Court has the discretion to construe their Response
21 as a consent to the granting of said motions.

22     The next task for the Court to consider is whether leave to amend is warranted. In
23 conducting such an analysis, the Court typically has had the benefit of both the plaintiff and
24 defendant's positions on the salient issues, thereby allowing it to ascertain whether any proposed
25 amendment to the complaint would be futile. In this case, however, Plaintiffs have failed to
26 provide an analysis, and only vaguely summarizes the claims and allegations they contend require

---

[2] Although Plaintiffs are now represented by counsel, the First Amended Complaint was filed pro se.

- 4 -

dismissal and/or warrant amendment.  As such, the Court is not in a position to analyze which claims, if any, should be subject to amendment.

The present procedural quagmire is a direct result of Plaintiffs' counsel's failure to timely and in good faith meet and confer with defense counsel, as required by the Court's Standing Order. As discussed above, Defendants' counsel each initiated efforts to meet and confer with Plaintiffs' counsel prior to filing their motions to dismiss.  However, Plaintiffs' counsel rebuffed their requests and inexplicably delayed meeting with them for well over a month until March 17, 2009, the date Plaintiffs' opposition was due.  Had counsel met and conferred in a timely manner and filed a substantive response to the Defendants' motions, the Court would be in a position to make an informed decision as to whether leave to amend Plaintiffs' *existing* claims is justified.

With regard to the *new* claims proposed by Plaintiffs, the Court agrees with Defendants that it is improper to seek leave to amend under Rule 15 by embedding such request in a response to a motion to dismiss.  Under the Court's Local Rules, Plaintiffs should have filed a noticed motion with at least 35 days' advance notice.  (L.R. 7-2(b); see Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (identifying factors relevant to Rule 15(a).  Therefore, even if the Court were sufficiently informed to decide whether to grant Plaintiffs' leave to amend to cure the deficiencies of their *existing* complaint, it would not be in a position to consider Plaintiffs' request to join *new* claims.

In view of the above, the Court concludes that the more efficient and effective course of action is for Plaintiffs' counsel to meet and confer with each of the Defendants' counsel regarding their claims against each Defendant.  Thereafter, Plaintiffs shall, in a supplemental opposition brief, specifically identify which claims they are agreeing to dismiss.  As to any claim that Plaintiffs acknowledge is pleaded deficiently, Plaintiffs shall so indicate and provide a cogent and

concise argument, supported by relevant legal authority, explaining why leave to amend is appropriate.[3]

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. By no later than, May 7, 2009, Plaintiffs' counsel shall meet and confer, in person or by telephone, with counsel for each of the Defendants (separately or collectively) regarding their claims against each Defendant. By no later than May 12, 2009, Plaintiffs shall file a supplemental opposition (not to exceed 10 pages), consistent with the Court's directions as set forth above. Defendants may file a supplemental reply (not to exceed 5 pages) by May 19, 2009. The hearing on Defendants' motions to dismiss is CONTINUED from May 5, 2009 to **June 16, 2009 at 1:00 p.m.** The Court may adjudicate the motions based on the papers submitted in advance of the hearing date.

2. The Case Management Conference previously scheduled for May 20, 2009 at 2:30 p.m. is CONTINUED to **June 16, 2009 at 1:00 p.m.**, and will follow the hearing on the motions referenced above. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement.

---

[3] The Court is troubled by Plaintiffs' counsel's ostensibly cavalier approach to her Rule 11 obligations. Plaintiffs requested that Defendants stipulate to the filing of a Second Amended Complaint. Defendants, in turn, requested that Ms. Heller provide them with a copy of the proposed amended pleading. Ms. Heller refused to do so and sent an email to opposing counsel stating, in part: "It is too bad that your clients will be paying through the nose for this case…. I will not be filing a dismissal. I am going forward with guns blazing. As for your clients, I do not care what it costs them to defend the lawsuit. That is your problem…." (Shapell Reply. Ex. H.) Plaintiffs' counsel should be aware that transgressions of Rule 11 may result in the imposition of sanctions, including reasonable attorneys' fees and costs incurred as a result of such violation. Fed.R.Civ.P. 11(c)(2). Likewise, 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy ***personally*** the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (Emphasis added).

1       3.    Plaintiffs' failure to comply with this Order may result in the impositions of
2  sanctions, up to an including dismissal of the action, pursuant to Rule 41(b).

5  Dated: May 1, 2009             _____
                                           Hon. Saundra Brown Armstrong
                                           United States District Judge