UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TIMOTHY WALSH,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>        Defendants. | Case No: C 09-0446 SBA<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>[Docket 6, 8, 10] |

This is a mortgage fraud action which was removed to this Court by Defendants on the grounds that certain of Plaintiffs' claims arise under federal law. 28 U.S.C. §§ 1441, 1331. The parties are presently before the Court on Defendants' three separate motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motions for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.    BACKGROUND**

Plaintiffs are homeowners who allege that Defendants Countywide Home Loans, Inc. and Countrywide Bank FSB (collectively "Countrywide"), Shapell Industries, Brett Hillard and John Luedemann (collectively "Shapell"), and NL, Inc., Residential Pacific Mortgage and Joe Polizzi (collectively "NL") conspired to defraud them in connection with a residential mortgage obtained in 2004, and later refinanced in 2007. The First Amended Complaint alleges 11 causes of action for: (1) quiet title; (2) violations of the TILA; (3) unlawful business practices under California Business and Professions Code section 17200; (4) unfair and fraudulent business practices in violation of section 17200; (5) fraudulent omissions; (6) unlawful business practices under section

17200 based on California Finance Code section 22302; (7) rescission based on fraud; (8) breach of fiduciary duty; (9) breach of the implied covenant of good faith and fair dealing; (10) violation of the Racketeer Influenced Corrupt Practices Act ("RICO"); and (11) declaratory and injunctive relief.

On February 6, 2009, Countrywide, Shapell and NL filed motions to dismiss for failure to state a claim.  Plaintiffs filed a cursory "Response" in which they did not respond directly or substantively to any of the numerous arguments advanced by Defendants in their respective motions.  Instead, Plaintiffs claimed that after meeting and conferring with Defendants, they had concluded that many of the issues raised in the motions were "well founded."  (Order at 2 [Docket 14].)  Without any supporting argument, Plaintiffs requested leave to file a second amended complaint to dismiss certain claims, amend various allegations and to add new claims.

On May 1, 2009, this Court issued an Order on the motions to dismiss.  (Docket 23.)  The Court noted that that although Plaintiffs had requested leave to amend, they had not set forth any analysis demonstrating that leave to amend was appropriate in the first instance.  The Court stated:

> The next task for the Court to consider is whether leave to amend is warranted.  In conducting such an analysis, the Court typically has had the benefit of both the plaintiff and defendant's positions on the salient issues, thereby allowing it to ascertain whether any proposed amendment to the complaint would be futile.  <u>In this case, however, Plaintiffs have failed to provide any analysis, and only vaguely summarize the claims and allegations they contend require dismissal and/or warrant amendment.  As such, the Court is not in a position to analyze which claims, if any, should be subject to amendment</u>.

(Order at 4-5 (emphasis added).)

While noting that it could have granted the motions to dismiss as unopposed, the Court, in consideration of less drastic alternatives, *sua sponte* afforded Plaintiffs another opportunity to oppose the motions.  The Court directed Plaintiffs to submit a supplemental opposition brief which specified the particular claims they desired to amend and to "provide a cogent and concise argument, supported by relevant legal authority, explaining why leave to amend is appropriate."  (Id. at 5-6.)  As to Plaintiffs' request to add new claims, the Court explained that it was improper to incorporate such a request in an opposition brief, and that the proper procedure

1  was to have filed a noticed motion for leave to amend in accordance with the Local Rules.  (Id. at

2  5.)

3        On June 10, 2009, Plaintiffs filed their supplemental brief.  Plaintiffs now agree to the

4  dismissal of their claims for quiet title, RICO, and declaratory and injunctive relief.  (Pls.' Supp.

5  Response at 4 [Docket 29].)  Plaintiffs also concede that certain, unspecified claims are pled

6  insufficiently, but maintain that they will "plead around" those deficiencies.  (Id.)  As before,

7  Plaintiffs fail to identify those deficiencies or the reasons why they should be allowed leave to

8  amend.  In addition, Plaintiffs again request leave to add new claims, in addition to joining new

9  parties.  Defendants have filed supplemental reply briefs in which they point out Plaintiffs' failure

10  to comply with the Court's May 1, 2009 Order.  They argue that their motions to dismiss should be

11  granted and the action dismissed without leave to amend.

12  **II.    DISCUSSION**

13        "District courts have the inherent power to control their dockets and in the exercise of that

14  power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v.

15  Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  A court may thus dismiss an action, with

16  prejudice, based on a party's failure to obey a court order or local rules.  See Ghazali v. Moran, 46

17  F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal based on failure to file a response to motion to

18  dismiss in violation of local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

19  (affirming dismissal for failure to comply with an order requiring amendment of complaint); In re

20  Eisen, 31 F.3d 1447, 1456 (9th Cir.1994) (dismissal for lack of prosecution); see also L.R. 1-4

21  ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule

22  may be a ground for imposition of any authorized sanction.").

23        In exercising its discretion, the court considers several factors: (1) the public's interest in

24  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

25  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

26  (5) the availability of less drastic alternatives.  See Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at

27  53.  "These factors are 'not a series of conditions precedent before the judge can do anything,' but

28

1  a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Prods.
2  Liability Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).
3      Here, the first and second factors—the public interest in expediting cases and the court's
4  need to manage its docket—both favor dismissal.  Plaintiffs' supplemental opposition completely
5  ignores the directions set forth in the Court's prior Order, and repeats the same errors in their initial
6  Response.  As before, Plaintiffs' supplemental brief incorporates a request to file a second
7  amended complaint to "plead around all other deficiencies" along with a request to add new claims
8  and parties.  (Pl.'s Supp. Opp'n at 4.)  However, Plaintiffs failed to "provide a cogent and concise
9  argument, supported by relevant legal authority, explaining why leave to amend is appropriate," as
10 previously directed by the Court.  (May 1, 2009 Order at 4-5.)  In addition, Plaintiffs ignored the
11 Court's instruction that any request to add new claims or parties must be presented through a
12 noticed motion, as required by the Local Rules.  Plaintiffs' non-compliance with this Court's
13 directions and the applicable Local Rules inherently delays resolution of the case and inures to the
14 detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is
15 incumbent upon the Court to manage its docket without being subject to routine noncompliance of
16 litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing
17 court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a
18 court's order diverts "valuable time that [the court] could have devoted to other major and serious
19 criminal and civil cases on its docket.").  The first two factors strongly support dismissal.
20     The third factor, the risk of prejudice to the Defendants, is related to the strength of the
21 Plaintiffs' reasons for non-compliance.  See Yourish, 191 F.3d at 991.  Here, Plaintiffs have
22 offered no excuse for their conduct.  Defendants originally filed their motions on February 6, 2009.
23 In the four months since the motions were filed, Plaintiffs have had ample opportunity, including
24 two opportunities to submit briefs, to prepare an opposition that substantively addresses each of the
25 Defendants' arguments.  (See L.R. 7-4 (requirements for opposition briefs).)  In addition, the Court
26 provided Plaintiffs with explicit instructions on what information should be presented in her
27 opposition, along with directions to submit a motion for leave to amend in the event Plaintiffs
28 desired to join new claims or parties.  Without explanation, Plaintiffs simply ignored those

1  instructions. No excuse for their noncompliance has been proffered nor is any apparent from the
2  record. These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991;
3  Ghazali, 46 F.3d. at 54.
4        The fourth factor favoring disposition of cases on the merits, by definition, generally
5  weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases
6  on the merits. Thus, this factor weighs against dismissal.").[1]
7        Finally, the Court has considered less drastic alternatives to dismissal. The Court could
8  have granted the motions to dismiss following Plaintiffs' submission of her initial Response, which
9  was tantamount to a non-opposition. Instead, the Court *sua sponte* granted Plaintiffs a further
10  opportunity to address Defendants' motions on the merits. In addition, the Court provided
11  Plaintiffs, who are represented by counsel, with explicit directions regarding what analysis should
12  be provided in their supplemental brief as well as guidance on filing a motion for leave to amend to
13  the extent Plaintiffs desired to join new claims or parties. Plaintiffs chose to ignore the Court's
14  instructions and, in fact, have repeated the same errors noted by the Court in its May 1, 2009 Order.
15  Given the record presented, the Court has satisfied its obligation to consider less drastic
16  alternatives to dismiss.

17  **III.   CONCLUSION**
18        In sum, the relevant factors weigh in favor of dismissing this action. Accordingly,
19        IT IS HEREBY ORDERED THAT Defendants' motions to dismiss (Docket 6, 8, 10) are
20  GRANTED. The Clerk shall close the file and terminate any pending matters.

---

[1] However, the Court notes that the merits of Plaintiffs' federal TILA claim (including the various state law claims that reference such claim) would not be reached in any event. TILA contains a one-year statute of limitations for the recovery of monetary damages, which time period runs from the date of the occurrence of the violation. See 15 U.S.C. §1640(e). Here, Plaintiffs obtained their original mortgage on November 4, 2004 (Am. Compl. Ex. C at 1) and refinanced their loan on March 9, 2007 (Id. Ex. E at 1). Since Plaintiffs did not file suit until November 13, 2008, more than a year after either transaction, they cannot recover any damages, as a matter of law. Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996).

1  IT IS SO ORDERED.

2

3  Dated: July 9, 2009                              _____
                                                     Hon. Saundra Brown Armstrong
4                                                    United States District Judge