| | |
|---|---|
| TIMOTHY WALSH and JASBIR WALSH,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>Defendants. | Case No. C 09-0446 SBA<br><br>**ORDER DENYING MOTION FOR RELIEF FROM DEFAULT OR TO ALTER OR AMEND THE JUDGMENT**<br><br>[Docket 55] |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

This is a mortgage fraud case in which the Court previously granted Defendants' respective motions to dismiss. The parties are presently before the Court on Plaintiffs' Motion for Relief from Default or to Alter or Amend the Judgment, pursuant to Federal Rule of Civil Procedure 60(b) and 59(e). Plaintiffs also request leave to file a Second Amended Complaint, and request substitution of counsel. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**BACKGROUND**

**A.   OVERVIEW**

This is a mortgage fraud case brought by Plaintiffs Timothy Walsh and Jasbir Walsh ("Plaintiffs") against Defendants Countrywide Home Loans, Inc. and Countrywide Bank FSB (collectively "Countrywide"); NL, Inc., Residential Pacific Mortgage, and Joe Polizzi (collectively "NL"); and Shapell Industries, Inc., Brett Hillard, and John Luedemann (collectively "Shapell").

Plaintiffs filed their original pro se Complaint against Defendants in state court on November 13, 2008. On December 29, 2008, Plaintiffs filed a pro se First Amended Complaint. Plaintiffs' First Amended Complaint alleges 11 causes of action for: (1) quiet title; (2) violations of the TILA; (3) unlawful business practices under California Business and Professions Code section 17200; (4) unfair and fraudulent business practices in violation of section 17200; (5) fraudulent omissions; (6) unlawful business practices under section 17200 based on California Finance Code section 22302; (7) rescission based on fraud; (8) breach of fiduciary duty; (9) breach of the implied covenant of good faith and fair dealing; (10) violation of the Racketeer Influenced Corrupt Practices Act; and (11) declaratory and injunctive relief. After filing their First Amended Complaint, Plaintiffs hired attorney Lyndsey Heller to represent them.

### B. EVENTS LEADING TO THE DISMISSAL OF THE FIRST AMENDED COMPLAINT

On January 30, 2009, Defendants removed the case to federal court on the ground that the First Amended Complaint claims arose under federal law. See 28 U.S.C. § 1441(b). In early February 2009, Defendants Countryside, NL, and Shapell filed separate Rule 12(b)(6) motions to dismiss. On behalf of Plaintiffs, Ms. Heller filed an opposition on April 7, 2009. However, her brief did not respond directly to any of the arguments advanced by Defendants. Instead, the opposition merely stated that the parties had met and conferred and that Plaintiffs had concluded that many of the issues raised in the motions were "well founded."

On May 1, 2009, the Court issued a seven-page order in connection with the motions to dismiss in which it summarized the numerous deficiencies in Plaintiffs' opposition. (Docket 23.) The Court noted that although it was within its discretion under Rule 41(b) to grant the motions based on Plaintiffs' nonresponsive opposition, the Court sua sponte allowed Plaintiffs to submit a supplemental opposition brief to respond to Defendants' motions. In particular, the Court directed Plaintiffs to provide the Court with their perspective on which claims should be subject to amendment:

> The next task for the Court to consider is whether leave to amend is warranted. In conducting such an analysis, the Court typically has had the benefit of both the plaintiff and defendant's positions on the salient issues, thereby allowing it to ascertain whether any proposed amendment to the complaint would be futile.

| | |
|---|---|
| 1 | <u>In this case, however, Plaintiffs have failed to provide an analysis, and only vaguely summarizes the claims and allegations they contend require dismissal and/or warrant amendment. As such, the Court is not in a position to analyze which claims, if any, should be subject to amendment.</u> |
| | The present procedural quagmire is a direct result of Plaintiffs' counsel's failure to timely and in good faith meet and confer with defense counsel, as required by the Court's Standing Order. As discussed above, Defendants' counsel each initiated efforts to meet and confer with Plaintiffs' counsel prior to filing their motions to dismiss. However, Plaintiffs' counsel rebuffed their requests and inexplicably delayed meeting with them for well over a month until March 17, 2009, the date Plaintiffs' opposition was due. Had counsel met and conferred in a timely manner and filed a substantive response to the Defendants' motions, the Court would be in a position to make an informed decision as to whether leave to amend Plaintiffs' existing claims is justified. |
| | In view of the above, the Court concludes that the more effective course of action is for Plaintiffs' counsel to meet and confer with each of the Defendants' counsel regarding their claims against each Defendant. Thereafter, Plaintiffs shall, in a supplemental opposition brief, specifically identify which claims they are agreeing to dismiss. As to any claim that Plaintiffs acknowledge is pleaded deficiently, <u>Plaintiffs shall so indicate and provide a cogent and concise argument, supported by relevant legal authority, explaining why leave to amend is appropriate</u>. |

(Docket 23 at 4-5 (emphasis added).) Plaintiffs' supplemental response was due by May 7, 2009. However, upon request of Plaintiffs, the Court extended the deadline to June 10, 2009 on account of Ms. Heller's medical issues.

On May 2, 2009, Plaintiffs retained attorney Timothy McCandless to replace Ms. Heller. Walsh Decl. ¶ 3r-s. Plaintiffs claim they instructed Mr. McCandless to substitute in place of Ms. Heller and to file a Second Amended Complaint, which he failed to do. Id. On June 8, 2009, Plaintiffs fired Mr. McCandles. Id. In addition, Ms. Heller remained as Plaintiffs' counsel of record until July 28, 2009.

In the meantime, on June 10, 2009, Ms. Heller filed Plaintiffs' supplemental opposition brief. However, despite the Court's clear instructions, Plaintiffs' supplemental brief failed to substantively address any deficient pleading and instead asked the Court for leave to file a Second Amended Complaint. As a result, on July 9, 2009, the Court granted Defendants' three separate motions to dismiss, pursuant to Rule 12(b)(6). In reaching its decision, the Court relied on Rule 41(b), which authorizes a court to dismiss an action with prejudice for failure to comply with a

- 3 -

Court order. The Court pointed out Plaintiffs' repeated failures to comply with both the Court's prior directions and applicable local rules in order to substantively address Defendants' arguments.

### C. THE INSTANT MOTION

On July 14, 2009, Plaintiffs, now represented by Gene Farber and Timothy Thimesch (see Docket 62), filed the instant motion for relief from default or to alter or amend the judgment. Plaintiffs contend that the Court should grant them relief under either Federal Rule of Civil Procedure 60(b) or 59(e). In their cursory five-page motion, Plaintiffs argue that their prior failure to comply with this Court's instructions should be excused on the ground that Ms. Heller and Mr. McCandless were incompetent attorneys. They request that the Court set aside its judgment of dismissal and allow them to file a 96-page Second Amended Complaint. However, like Ms. Heller's brief, Plaintiffs' motion does not specify which claims they seek to amend or how they are to be amended. Rather, Plaintiffs merely provide a copy of the proposed Second Amended Complaint.

## LEGAL STANDARD

Motions to reconsider a decision of the court are appropriately brought under Rule 59(e) or Rule 60(b). Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Plaintiffs' arguments do not indicate upon which rule their motions are predicated.

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994). Under Rule 60(b), the court may grant reconsideration of a final judgment or any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed.R.Civ.P. 60(c)(1). In general, Rule 60(b) is a remedy that "has been used sparingly as an equitable remedy to prevent manifest injustice." Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

Rule 59(e) allows a party to move to alter or amend a judgment. "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is 'necessary to correct manifest errors of law or fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted). A district court has "considerable discretion" in considering a Rule 59(e) motion. Id.[1] Relief based on this rule generally is reserved for "highly unusual circumstances." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

### A. EXCUSABLE NEGLECT UNDER RULE 60(B)

#### 1. Counsel's Negligence

Under Rule 60(b)(1), the moving party must justify his actions and show that his mistake, inadvertence, surprise or excusable neglect was unexpected and unavoidable rather than careless. In re M/V Peacock, 809 F.2d 1403, 1405 (9th Cir.1987). In the instant case, Plaintiffs excusable neglect argument appears to rests on three grounds. First, they argue that as a result of Ms. Heller's "neglect," they did not properly oppose Defendants' motions to dismiss or state grounds for leave to amend. Plaintiffs allege that it was only after receiving Defendants' motions to dismiss that Ms. Heller disclosed that she lacked federal court experience,[2] and her response to the motions lacked adequate legal authority.

The Court is not persuaded that Plaintiffs have demonstrated <u>excusable</u> neglect. As a threshold matter, Plaintiffs' criticism of Ms. Heller's competence is dubious given that they continued to allow her to represent them, notwithstanding her disclosure regarding her purported lack of federal court experience. Certainly, to the extent that Plaintiffs were legitimately concerned

---

[1] A Rule 59(e) motion must be made within 10 days of the date judgment was entered. The instant motion is timely under that standard.

[2] Ms. Heller was admitted to practice in the Northern District of California on February 25, 2009, more than four months before the Court granted Defendants' motions to dismiss. In addition, Ms. Heller has been admitted to practice in the Southern District of California since July 1, 1997.

- 5 -

about Ms. Heller's abilities, they could have taken steps to ensure that she no longer was submitting court documents on their behalf. Yet, the record shows that Plaintiffs did not formally request to substitute out Ms. Heller until July 7, 2009, more than five months after Defendants had removed the case to federal court. In addition, even if Ms. Heller were negligent, the law is settled that "parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." Casey v. Alberston's, Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006) (no relief under Rule 60(b)(1) based on an attorney's innocent, careless, or negligent mistakes, or even based on an attorney's intentional misconduct). Where a party is aggrieved by his or her attorney's negligence, such claim is addressed through a malpractice claim as opposed to relief under Rule 60(b). Latshaw, 452 F.3d at 1101 (attorney's errors are "more appropriately addressed through malpractice claims" and not a Rule 60(b)(1) motion).

### 2. Inability to Retain Competent Counsel

Second, Plaintiffs contend that their purported inability to secure competent counsel who was willing to take their case on a contingency basis constitutes excusable neglect. Plaintiffs were initially pro se litigants when they filed their lawsuit against Defendants in state court, and they retained Ms. Heller prior to Defendants filed their notice of removal. Plaintiffs claim that Ms. Heller was not "fully retained," as she was busy preparing for another case, inexperienced in federal court, and failed to draft and file Second Amended Complaint. In addition, after Plaintiffs fired Ms. Heller, the next attorney they hired, Timothy McCandless, also failed to file a Second Amended Complaint. Plaintiffs later discovered that Mr. McCandless had a substantial state bar disciplinary record and allege that he was on probation at the time of his retention.

Plaintiffs fail to cite to any authority to support their argument that failure to retain competent counsel constitutes excusable neglect. In fact, the inability to hire competent counsel is not excusable neglect. See King v. Galluzo Equip. & Excavating, Inc., 223 F.R.D. 94, 98 (E.D.N.Y. 2004) ("defendant's inability to hire new counsel does not serve as an excuse for default" under Rule 60(b)). Similarly, as discussed above, neither Ms. Heller's inexperience in federal court nor Mr. McCandless' alleged malpractice support their assertion of excusable neglect.

In <u>Casey</u>, the Ninth Circuit explicitly rejected plaintiff's argument that that the malpractice and inexperience of her prior attorneys amounted to excusable neglect, finding that the plaintiff was bound by the actions of her attorneys. <u>Casey</u>, 362 F.3d at 1260. There is simply no authority to support Plaintiffs' argument that their inability to retain competent counsel constitutes excusable neglect under Rule 60(b).[3]

### 3. Prior Pro Se Status

In addition, an underlying theme throughout Plaintiffs' arguments is that their prior pro se status justifies relief from the Court. They emphasize that they were pro se when they filed their first two complaints, and that they should be excused for any shortcomings in those pleadings, particularly given their later-retained counsel's failure to follow through with submitting another amended pleading with the Court. As Defendants correctly point out, the fundamental flaw in this argument is that it overlooks that Plaintiffs were, in fact, represented by counsel when their responses to the motions to dismiss were due. In addition, the fact that Plaintiffs were pro se early in the case is inapposite. A pro se plaintiff is expected to comply with all applicable procedural rules the same as would a represented party. <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987). "[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. Trial courts generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers." <u>Jacobsen v. Filler</u>, 790 F.2d 1362, 1364 (9th Cir. 1986).

Plaintiffs' ancillary suggestion that they have a right to submit a complaint prepared by an attorney is unsupported. Plaintiffs cite <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995), where the Ninth Circuit held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." In <u>Doe</u>, the appeals court reversed the district court's dismissal because it found that the district court had not made a determination that the pleading could not be

---

[3] Pursuant to Federal Rule of Evidence 201, the Court also takes judicial notice that Mr. McCandless' state bar record is publicly-available on the California State Bar website. As such, Plaintiffs could have easily learned of his disciplinary record prior to hiring him had they checked his background.

cured by the allegation of other facts. Id. Here, the Court afforded Plaintiffs an opportunity to submit a supplemental opposition brief to demonstrate how they would cure the admitted deficiencies of their First Amended Complaint, and dismissed the action only after Plaintiffs repeatedly failed to cure those deficiencies.

As discussed above, Plaintiffs' supplemental brief failed to "provide a cogent and concise argument, supported by relevant legal authority, explaining why leave to amend is appropriate," as previously directed by the Court. "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). A court may thus dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. Plaintiffs have not demonstrated that the Court should relieve them from final judgment due to excusable neglect.

### B. MANIFEST INJUSTICE UNDER RULE 59(E)

Plaintiffs also assert that the Court should vacate its dismissal pursuant to Rule 59(e) on the grounds of manifest injustice. However, beyond citing the rule, Plaintiffs never articulate precisely what was allegedly unjust about the Court's ruling. To the extent that Plaintiffs are relying on the same arguments presented to show excusable neglect, their argument fails as well. As set forth above, the Court granted Plaintiffs an additional opportunity and specific direction with respect to submitting a supplemental opposition to Defendants' motions to dismiss. Plaintiffs then filed a supplemental opposition that completely ignored the Court's order and was as deficient as the first opposition. Neither the Court nor any of the Defendants were responsible for the failings of Plaintiffs' retained counsel, nor were they in any way responsible for Plaintiffs' alleged inability to locate competent counsel. A Rule 59(e) motion "should not be granted absent highly unusual circumstances." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). No such circumstances have been presented by Plaintiffs.

### C. REQUEST TO FILE A SECOND AMENDED COMPLAINT

In addition to requesting the Court to set aside its dismissal, Plaintiffs request the Court to grant them leave to amend to file a Second Amended Complaint. As Countrywide properly points

out, the Court lacks jurisdiction to consider Plaintiffs' request. "It is well-settled that once final judgment has been entered, the district court lacks jurisdiction to decide a motion to amend unless and until the judgment is reopened by the granting of a Rule 60 motion." Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997) (holding that district court lacked jurisdiction to rule on motion to file amended answer unless and until the judgment had been vacated); Lindauer v. Rogers, 91 F.3d 1355 (9th Cir. 1996) ("once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60."). Tellingly, Plaintiffs fail to respond to this critical flaw in their reply.[4]

### D. REQUEST FOR SUBSTITUTION OF COUNSEL

Plaintiffs' new counsel also requests to be substituted in as counsel of record. As the Court has already granted Plaintiffs' request to substitute out Ms. Heller and Mr. McCandless for Messrs. Farber and Thimesch, the request is denied as moot. (see Docket 62.)

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Relief from Default or to Alter or Amend Judgment, to Permit the Filing of a Second Amended Complaint, and to Permit Substitution of Counsel is DENIED.

IT IS SO ORDERED.

Dated: December 1, 2009

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] Defendants alternatively argue that amendment would be futile. However, the Court lacks jurisdiction to consider the merits of a motion to leave to amend.