**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY WALSH AND JASBIR WALSH, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, FSB; SHAPELL INDUSTRIES, INC.; NL, INC.; RESIDENTIAL PACIFIC MORTGAGE; BRETT HILLIARD; JOHN LUEDEMANN; and JOE POLIZZI, <br><br> Defendants-Appellees. | No. 10-15004 <br><br> D.C. No. 4:09-cv-0446-SBA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra Brown Armstrong, District Judge, Presiding

Argued and Submitted April 12, 2011
San Francisco, California

Before: GOODWIN and N.R. SMITH, Circuit Judges, and COLLINS, District Judge.[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

Timothy and Jasbir Walsh appeal the dismissal of their action pursuant to Federal Rule of Civil Procedure 41(b) and denial of their motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (reconsideration). We affirm.

The district court did not abuse its discretion by dismissing the action for failure to comply with a court order. The court found that the Walshes' original response to Appellees' motions to dismiss did not directly address any of the arguments advanced in the motions. Although the court could have dismissed under Federal Rule of Civil Procedure 41(b) at that time, it allowed the Walshes to file a supplemental response and laid out specific instructions in the order. It also advised the Walshes that their failure to file a proper supplemental response could result in dismissal under Federal Rule of Civil Procedure 41(b). Then, upon request of the Walshes, the district court extended its deadline to file the supplemental response by over a month. When the Walshes did file the supplemental response, the district court found that the response failed to comply with the court's order and contained the same defects as the original response.

2

The district court considered the requisite factors necessary for a 41(b) dismissal and applied this legal standard in a way that was neither illogical, implausible, nor unsupported by the record. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing factors that district court must consider before dismissing under Federal Rule of Civil Procedure 41(b); *see also United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc) (discussing abuse of discretion analysis). The district court was in the best position to assess whether the circumstances of this case warranted dismissal. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947 (9th Cir. 1976) ("[T]he district judge's determination that his order was not complied with is entitled to considerable weight on appeal since he is in the best position to assess the circumstances.") (internal citations omitted). As such, this is not a case where we will substitute our judgment for that of the district court.

The Walshes' argument that the incompetence of their attorneys should require greater flexibility from the district court is unavailing. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the

3

consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation . . . ."). In any event, the district court demonstrated flexibility when it sua sponte allowed a second opportunity to oppose the motion, gave the Walshes instructions on how to oppose the motion, and granted an extension of time to file the supplemental response.

For the same reason, the district did not abuse its discretion in denying the 60(b) motion. "[P]arties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Alberston's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Any other argument that the district court abused its discretion by denying the motion for reconsideration under Rules 59(e) and 60(b) is waived on appeal. The Walshes devote less than one page of their brief to discussing these issues and make no efforts to explain with any specificity why they qualified for Rule 59(e) or 60(b) relief and why the district court abused its discretion in holding they did not. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review."). In addition, the Walshes fail to cite case authority or the record in

4

support of this argument.  *See U.S. v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (citing *U.S. v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006)); *see also* Fed. R. App. P. 28(a)(9)(A) ("The Federal Rules of Appellate Procedure require that a brief contain the 'appellant's contentions and the reasons for them, with citations to the authorities and part of the record on which the appellant relies . . . .").

**AFFIRMED.**